Dear Representative Hoblitzelle:
This opinion letter is in response to your question asking:
 Whether Article VI, Section 30 of the Missouri Constitution requires the Board of Freeholders to present the plan as one issue on the ballot; or
 Whether Article VI, Section 30 of the Missouri Constitution permits the Board of Freeholders to present the plan as more than one issue on the ballot.
Since there are no court opinions interpreting the above-referenced constitutional section on this issue, this office's opinion must be based on a reading of the text of the constitutional section in light of the principles for interpreting constitutional provisions as set down by our Supreme Court.
 Rules employed in construction of constitutional provisions are the same as those employed in construction of statutes, but the former are to be given a broader construction due to their more permanent character. . . . Crucial words must be viewed in context and it must be assumed that words used were not intended to be meaningless. . . . This Court has recognized that in construction of constitutional provisions, it should undertake to ascribe to words the meaning which the people understood them to have when they adopted the provision. . . . "The framers of the Constitution and the people who adopted it `must be understood to have employed words in their natural sense, and to have intended what they have said.' This is but saying that no forced or unnatural construction is to be put upon their language." . . . The meaning of the words in the provision, as conveyed to the voters, is presumed to be their natural and ordinary meaning. . . . The ordinary, and commonly understood meaning is derived from the dictionary. . . . Moreover, the grammatical order and selection of the associated words as arranged by the drafters is also indicative of the natural significance of the words employed. . . . Of course, this Court must give due regard to the primary objectives of the provision under scrutiny as viewed in harmony with all related provisions, considered as a whole. [Citations omitted.] Roberts v. McNary, 636 S.W.2d 332, 335 (Mo. banc 1982).
A reading of both subsections (a) and (b) of Section 30 of Article VI, Missouri Constitution (as amended 1966) in light of the above principles demonstrates that it is a single plan to be approved or rejected in toto which is to be submitted to the voters. The following underlined portions of the constitutional text demonstrate the basis of this conclusion:
 Section 30(a). Powers conferred with respect to intergovernmental relations — procedure for selection of board of freeholders. The people of the city of St. Louis and the people of the county of St. Louis shall have power . . . or, (5) to formulate and adopt any other plan for the partial or complete government of all or any part of the city and the county. The power so given shall be exercised by the vote of the people of the city and county upon a plan prepared by a board of freeholders consisting of nineteen members, nine of whom shall be electors of the city and nine electors of the county and one an elector of some other county. . . .
 Section 30(b). Appointment of member by governor — meetings of board — vacancies — compensation and reimbursement of members — preparation of plan — taxation of real estate affected — submission at special elections — effect of adoption — certification and recordation — judicial notice. . . . The board shall prepare and propose a plan for the execution of the powers herein granted and for the adjustment of all matters and issues arising thereunder. . . . The plan shall be signed in duplicate by the board or a majority thereof, and one copy shall be returned to the officials having general charge of elections in the city, and the other to such officials in the county, within one year after the appointment of the board. Said election officials shall cause separate elections to be held in the city and county, on the day fixed by the freeholders, at which the plan shall be submitted to the qualified voters of the city and county separately. The elections shall not be less than ninety days after the filing of the plan with said officials, and not on or within seventy days of any state or county primary or general election day in the city or county. The plan
shall provide for the assessment and taxation of real estate in accordance with the use to which it is being put at the time of the assessment, whether agricultural, industrial or other use, giving due regard to the other provisions of this constitution. If a majority of the qualified electors of the city voting thereon, and a majority of the qualified electors of the county voting thereon at the separate elections shall vote for the plan, then, at such time as shall be prescribed therein, the same shall become the organic law of the territory
therein defined, and shall take the place of and supersede all laws, charter provisions and ordinances inconsistent therewith relating to said territory. If the plan be adopted, copies thereof, certified to by said election officials of the city and county, shall be deposited in the office of the secretary of state and recorded in the office of the recorder of deeds for the city, and in the office of the recorder of deeds of the present county, and the courts of this state shall take judicial notice thereof.
(Emphasis added.)
Not only is the board's proposal and the ballot submission always spoken of in the singular ("a plan" or "the plan"), but also the Constitution explicitly requires that the proposed "plan" shall provide for "the adjustment of all matters and issues arising thereunder." (Emphasis added.) Section 30(b) of Article VI, Missouri Constitution. Furthermore, when approved, it is "the plan" (not a part thereof) which "shall become the organic law of the territory therein defined, . . . ." Id.
The "natural and ordinary meaning" which would be "commonly understood" from the wording of Section 30 of Article VI is that there is to be one plan to be approved or rejected in toto.
Therefore, it is the opinion of this office that ArticleVI, Section 30, Missouri Constitution (as amended 1966) requires the board of freeholders to present a plan as one issue on the ballot.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General